Defendant-Appellant, William H. Tefft, appeals from the judgment of the Allen County Court of Common Pleas denying his Motion to Suppress.
On August 12, 1998, Tefft was indicted by the Allen County Grand Jury for one count of Rape, in violation of R.C.2907.02(A) (10(b), a felony of the first degree. On August 20, 1998, Tefft was arraigned and entered a plea of not guilty. On January 12, 1999, Tefft filed a Motion to Suppress, alleging statements made by him to police were obtained in violation ofMiranda v. Arizona and his privilege against self-incrimination had been violated. More particularly, the Motion to Suppress concerned statements made by Tefft while in custody and being interrogated at the Lima Police Department on July 18, 1998. A suppression hearing was held on January 19, 1999. Following the admission of a videotape containing Tefft's interview with police, the trial court denied the Motion to Suppress, finding Tefft's right against self-incrimination and his right to counsel were not violated.
On February 4, 1999, Tefft withdrew his original plea of not guilty and entered a plea of no contest to the indictment. Tefft was thereafter found guilty of one count of Rape by the trial court and, on March 22, 1999, sentenced to a prison term of ten years and fined $10,000.
It is from the trial court's Judgment denying the Motion to Suppress that Tefft now appeals, asserting one assignment of error:
 The lower court erred when it denied defendant-appellant's motion to suppress evidence.
Essentially, Tefft asserts that during the initial stages of the police interrogation he invoked his right to counsel and, therefore, all questioning and corresponding responses following the point of invocation were invalid and should have been suppressed.
Once a criminal defendant invokes his right to counsel during a custodial police interrogation, the police must cease all questioning. Miranda v. Arizona (1966), 384 U.S. 436, 444-445,86 S.Ct. 1602, 1612-1613, 16 L.Ed.2d 694, 706-707; Edwards v. Arizona
(1981), 451 U.S. 477, 484-485, 101 S.CT. 1880, 1184-1885,68 L.Ed.2d 378, 385-387. The questioning may not resume until the defendant has had the opportunity to consult with counsel who is present for any further interrogation or the defendant reinitiates discussions with police. Id. If a confession is taken in violation of this rule, the confession must be suppressed. Id.
Invocation of the right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. Davisv. United States (1994), 512 U.S. 452, 459, 114 S.Ct. 2350, 2355,129 L.Ed.2d 362, 371; State v. Henness (1997), 79 Ohio St.3d 53,63, N.E.2d 686. If the statement is ambiguous or equivocal in that a reasonable police officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, the cessation of questioning is not required.Id. Furthermore, officers conducting interrogations are not required to ask clarifying questions to determine whether an accused actually wishes to have an attorney present. Davis,512 U.S. at 461, 14 S.Ct. at 2356, 129 L.Ed.2d at 373. In holding that clarifying questions are not required, the United States Supreme Court reasoned that when dealing with an ambiguous statement regarding an attorney, the right to counsel has not been invoked. Davis, supra.
We are mindful that an explicit and clear invocation of the right to counsel may be problematical for some suspects, however, in requiring an unambiguous and unequivocal invocation, the United States Supreme Court stated:
 We recognize that requiring a clear assertion of the right to counsel might disadvantage some suspects who — because of fear, intimidation, lack of linguistic skills, or a variety of other reasons — will not clearly articulate their right to counsel although they actually want to have a lawyer present. But the primary protection afforded suspects subject to custodial interrogation is the Miranda warnings themselves.
 `[F]ull comprehension of the rights to remain silent and request an attorney [is] sufficient to dispel whatever coercion is inherent in the interrogation process.' A suspect who knowingly and voluntarily waives his right to counsel after having that right explained to him has indicated his willingness to deal with the police unassisted.
Davis, 512 U.S. at 460-461, 114 S.Ct. at 2356, 129 L.Ed.2d at 372.
In Davis, the Court concluded the statement "Maybe I should talk to a lawyer" was not a clear and unambiguous request for an attorney. Thus, the interrogating officers were not required to terminate the questioning. Id.
Since Davis, the following statements are among those which have been considered too ambiguous or equivocal to require police to terminate questioning: "I think I need a lawyer," Henness,79 Ohio St.3d at 63, 679 N.E.2d at 696; "Maybe I want a lawyer, maybe I should talk to a lawyer," State v. Salinas (Dec. 8, 1997), Lake App. No. 96-L-146, unreported, 706 N.E.2d 381; "I think that I would like an attorney," State v. Taylor (Feb. 9, 1999), Medina App. No. 2783-M, unreported; "I think I might need to talk to a lawyer," State v. Hanson (Sept. 13, 1996), Montgomery App. No. 15405, unreported; "I plead the Fifth," State v. Peterson (Oct. 14, 1996), Madison App. No. CA96-02-010, unreported; "I feel like, talk to my, have my lawyer present," and "Well I mean, I'd like to have my lawyer here," State v. Stover (April 16, 1997), Lorain App. No. 69CA006461, unreported; "[D]o I have to hire an attorney to have him present * * *" and "maybe I need to have an attorney present," State v. Campbell (Nov. 6, 1997), Franklin App. No. 97APA04-462, unreported; "I'd rather have my attorney here if you're going to talk stuff like that * * *," State v. Mills (Nov. 24, 1997), Clermont App. No. CA96-11-098, unreported; and "Maybe I should get a lawyer," and "Do you think I should get a lawyer?"State v. Metz (April 21, 1998), Washington App. No. 96 CA 48, unreported.
In this case, Tefft made only one reference to an attorney during the interrogation. A review of the videotape reveals the following dialogue between the investigating officer and Tefft during the initial stages of the interrogation when the investigating officer was advising Tefft of his rights:
 Investigating Officer: * * * You have the right to have your attorney present during the taking of this statement and that if you do not have the funds to employ an attorney then an attorney will be appointed without any expense to you to represent and advise you.
Tefft: Well I'm going to need one.
We see no distinction between the ambiguous and equivocal statements in Davis, Henness, and the others cases discussed above, and Tefft's statement "Well I'm going to need one." In view of the circumstances under which Tefft made this statement, it was not an unambiguous request for counsel. At best, a reasonable officer could have thought Tefft might be invoking the right to counsel. As Tefft's request for counsel was ambiguous and equivocal, it was insufficient to invoke his Miranda right to counsel.
In accordance with the holdings of the Supreme Court of the United States and this state, we conclude that the trial court was correct in overruling Tefft's Motion to Suppress. Appellant's sole assignment of error is therefore overruled.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.